UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NEILL CORPORATION | CIVIL ACTION |
| VERSUS | NO: 15-964 |
| TSP CONSULTING, LLC, ET AL. | SECTION: "A" (3) |

## ORDER

The following motion is before the Court: **Combined Motion to Realign the Parties and Motion to Remand (Rec. Doc. 11)** with supplemental memorandum in support (Rec. Doc. 24), filed by third-party defendant/counter-claimant Beauty Basics, Inc. ("BBI") and plaintiff/defendant-in-counterclaim Neill Corporation ("Neill Corp."). Defendant, counter-claimant, and third-party plaintiff TSP Consulting, LLC ("TSPC") opposes the motion (Rec. Docs. 13 & 32; Opposition & Sur-reply). The motion, submitted for consideration on May 20, 2015, is before the Court on the briefs without oral argument.

Neill Corp. and TSPC were parties to a Consulting Agreement (Rec. Doc. 1-1 Exhibit A). Three other Neill entities also were parties to the contract: Neill Technologies, Inc., BBI, and Vital Information Systems, Inc. (*Id.* Consulting Agreement at 1). Collectively referenced in the contract as "the Neill Companies," all of these entities are Louisiana corporations. (*Id.*). The parties confected the Consulting Agreement so that the Neill Companies could benefit from the expertise and services of Thomas C. Petrillo, the principal of TSPC. (*Id.*). Petrillo's expertise lies in helping others in the beauty industry to become more successful. (Rec. Doc. 2, TSPC Answer, Counterclaim, and Third-party Demand ¶ 36). The parties do not dispute that TSPC is a citizen of Florida, which is where Petrillo resides.

Plaintiff Neill Corp. initiated this action in state court against defendant TSPC. The petition is one for declaratory relief only. Neill Corp. wants the Court to declare *inter alia* that

certain of Petrillo's actions constitute "Material Actions" under the Consulting Agreement that are not subject to cure. (Rec. Doc. 1-1, Petition for Declaratory Judgment). According to TSPC, Neill Corp. is trying to manufacture cause in order to prematurely terminate the Consulting Agreement without penalty. (Rec. Doc. 2, TSPC Answer, Counterclaim, and Third-party Demand ¶¶ 56-57).

TSPC removed the action to this Court on the basis of diversity jurisdiction. In its Answer, TSPC asserted a counterclaim and third-party demand which included additional parties: Neill Technologies, Inc., BBI, Vital Information Systems, Inc., and Edwin H. Neill, III. (*Id.* at 8-9).

Neill Corp. now moves to remand the case to state court for lack of subject matter jurisdiction. Neill Corp.'s arguments in support of remand are premised on the contention that third-party defendant BBI's principal place of business is actually in Florida and not Louisiana. Neill Corp. argues that because TSPC is a Florida citizen, TSPC destroyed subject matter jurisdiction when it third-partied BBI into the case. Neill Corp. urges the Court to realign the parties in a manner that would destroy diversity jurisdiction.

Diversity jurisdiction exists when the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) requires that the parties be *completely* diverse in citizenship. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). In other words, all plaintiffs must have a different citizenship from all defendants. *Id.*

Neill Corp. is the party that initiated suit. Neill Corp. apparently did not consider the other Neill Companies, who were also parties to the Consulting Agreement, to be necessary to the proceedings because it did not join them in the action. Thus, the suit involved only a Louisiana plaintiff and a Florida defendant—completely diverse parties. Pursuant to § 1332(a)

a federal court would therefore have original subject matter jurisdiction over the action as filed.[1] The case was therefore properly removed to federal court under the general removal statute, 28 U.S.C. § 1441(a)-(b).

Neill Corp.'s contention that TSPC destroyed diversity jurisdiction by bringing BBI into the case is meritless regardless of BBI's citizenship. Because the Court had original subject matter jurisdiction over the action filed by Neill Corp., the supplemental jurisdiction statute, 28 U.S.C. § 1367(a) provides an express grant of jurisdiction over TSPC's counter-claims and third-party demands, which are part of the same case or controversy as Neill Corp.'s declaratory action. Even more importantly, § 1367(b) of the statute expressly permits a defendant in TSPC's position to assert those claims against a non-diverse party even though a plaintiff in Neill Corp.'s position could not necessarily do so. Neill Corp.'s position in this case is squarely at odds with the Fifth Circuit's decision in *State National Insurance Co. v. Yates*, 391 F.3d 577 (5th Cir. 2004), which recognizes that the constraints on bringing supplemental claims against additional parties in diversity cases only apply to actual "plaintiffs," not to defendants who act as plaintiffs by asserting counterclaims or third-party demands. *Yates* irrefragably establishes that TSPC could bring BBI into the lawsuit under the aegis of the supplemental jurisdiction statute without destroying diversity jurisdiction.[2]

---

[1] The Court recognizes that § 1332(a) also has an amount in controversy requirement. Neill Corp. has never suggested that the amount in controversy underlying its declaratory judgment action does not exceed $75,000 nor could it plausibly do so in light of the ramifications attendant upon a court granting declaratory relief in its favor. (Rec. Doc. 2, TSPC Answer, Counterclaim, and Third-party Demand ¶¶ 56-57).

[2] TSPC only pleads diversity jurisdiction to support its claims against Neill Corp. and the additional parties. (Rec. Doc. 2, TSPC Answer, Counterclaim, and Third-party Demand ¶ 33). Of course, diversity jurisdiction is contingent upon citizenship. But § 1367(b) clearly applies to give the Court supplemental jurisdiction over TSPC's claims against additional parties regardless of citizenship. The Court has found no authority for the proposition that TSPC inadvertently waived supplemental jurisdiction by failing to expressly invoke § 1367(a) in the jurisdictional section of its responsive pleading.

Further, this case is not appropriate for realignment of the parties. Neill Corp.'s and BBI's interests are aligned which is why it is not surprising that both entities appear on the receiving end of TSPC's claims for relief. But TSPC is not a "partner in litigation" with respect to any of the parties against whom it has asserted claims.[3] *See City of Indianapolis Gas Co. v. Chase Nat'l Bank*, 314 U.S. 63, 75 (1974).

Simply stated, TSPC properly removed Neill Corp.'s declaratory action and the Court continues to have jurisdiction over it. Therefore, the sole basis upon which Neill can obtain remand to state court is if BBI is a Rule 19 required party to Neill Corp.'s claims against TSPC, and if BBI is a citizen of Florida. Neill has devoted an inordinate amount of argument to the citizenship issue but BBI's citizenship is only material to the analysis if BBI is a required party with respect to Neill's action for declaratory relief. The Court is persuaded that it is not.

Rule 19 of the Federal Rules of Civil Procedure, entitled Required Joinder of Parties, governs whether a nonparty must be joined in a suit. The principles that a court uses to determine when persons or entities must be joined are stated in subdivision (a) of the rule. Rule 19(a) provides:

**(a) Persons Required to Be Joined if Feasible.**

> **(1) Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or

---

[3] Perhaps Neill Corp.'s misplaced reliance on the concept of realignment was driven by TSPC's odd choice of bringing BBI into the case as a third-party defendant rather than as an additional defendant on the counterclaim against Neill Corp. Rule 14 allows third-party practice against a nonparty when the defendant believes that the nonparty may be liable to the defendant for all or part of the claim against the defendant. Fed. R. Civ. Pro. 14(a)(1). TSPC's claims against BBI are not of this nature but regardless of the procedural device used to bring BBI into the case, the jurisdictional analysis is not affected.

>> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> **(I)** as a practical matter impair or impede the person's ability to protect the interest; or
>
>> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. Pro 19(a). The Rule instructs that nonjoinder even of a required person does not always result in dismissal. *Republic of the Philippines v. Pimentel*, 553 U.S. 851, 862 (2008). If joinder of the nonparty is required but not feasible, then the standards laid out in subdivision (b) of the rule apply. *Id.* The burden of proof under Rule 19 is on the proponent of joinder. *See In re Enron Corp. Sec., Deriv. & ERISA Litig.*, No.MDL-1446, 2008 WL 744823, at *6 (S.D. Tex. Mar. 19, 2008) (citing 7 Charles Alan Wright, et al., Fed. Prac. & Pro. § 1609 (3d ed. 2001)).

Neill Corp. has not met its burden of establishing that BBI's joinder as a plaintiff is required. First, assuming *arguendo* that BBI is a citizen of Florida, the only relevant joinder question vis à vis subject matter jurisdiction and remand is whether BBI's presence as a co-plaintiff to Neill Corp.'s declaratory judgment action is required. Adding BBI to the suit in any other posture does not affect diversity jurisdiction. But Neill Corp. is the party that initiated this litigation and it nonetheless declined to join any of the other Neill Companies as co-plaintiffs even though all of the companies, including BBI, are represented by the same attorneys. Obviously Neill Corp. believed when it filed suit in state court that it could obtain the declaratory relief that it sought without adding any other parties. Arguments made by a party eager to flee a federal forum are always scrutinized carefully but that is particularly true where a party is implicitly challenging its own litigation strategy.

Second, Neill Corp. does not address the governing Rule 19 standards instead taking the position that they are irrelevant because of a "stipulation" by TSPC that BBI is indispensable to this action. (Rec. Doc. 24 at 11). TSPC stated as follows in the Affirmative Defenses section of its Answer:

> The Neill Corporation has failed to join ***indispensable*** parties to its Petition for Declaratory Judgment. Neill Corporation seeks to have the Court interpret the Consulting Agreement and enter a declaratory judgment as to the meaning of certain of its provisions, and yet Neill Corporation has failed to join all of the parties to the Consulting Agreement as parties. Among the ***indispensable*** parties that Neill Corporation has failed to join are Neill Technologies, Inc., Beauty Basics, Inc., and Vital Information Systems, Inc. Pursuant to Section 12.13 of the Consulting Agreement, each of these companies "shall be jointly and severally liable to make all payments owed by any Neill Company under this Agreement . . . ." Any declaratory judgment interpreting the Consulting Agreement will necessarily affect their rights and interests.[4]

Rec. Doc. 2; Answer, Counterclaim, and Third-party Demand ¶ 16 (emphasis added). Just as Neill Corp. ignored Rule 19, TSPC ignores this potentially troublesome statement. But contrary to Neill Corp.'s position, the foregoing paragraph is not a "stipulation" and it does not control the Court's analysis because it is contrary to Rule 19's governing standards. If TSPC had made the same contentions in support of a Rule 12(b)(7) motion to dismiss, the Court would have rejected them, at least insofar as Neill Corp.'s original action for declaratory relief is concerned.

Turning to Rule 19's standards, the Court can afford O'Neill Corp. the complete declaratory relief that it sought when it filed suit on its own. The declaratory relief sought is very narrow and specific. Naturally BBI and the other Neill Companies have an interest in the outcome of the action but those other entities are not so situated that disposing of Neill Corp.'s request for declaratory relief as prayed for in their absence would impair or impede their

---

[4] The Court notes that TSPC uses the term "indispensable" in its pleading yet takes Neill Corp. to task for using such an "outdated designation" in its briefing. (Rec. Doc. 32; Sur-reply at 10).

interest. This contract case does not involve a situation where the obligees (the Neill Companies) are all unrelated to each other—to the contrary all of the Neill Companies appear to be owned in majority by the same individuals. According to the Louisiana Secretary of State's website, all of the Neill Companies share an address in Hammond, Louisiana, and all of the companies were created long before TSPC was formed and entered into a consulting arrangement with them. The outcome of Neill Corp.'s declaratory judgment action does not affect any of the other companies' obligations with respect to the contact. In fact, the Consulting Agreement is structured such that all of the Neill Companies are similarly situated vis à vis TSPC and each other. Moreover, it is clear from BBI's Answer that its position with respect to the allegations that Neill makes in its petition for declaratory relief is the same. (Rec. Doc. 10; BBI's Answer and Affirmative Defenses to Third-Party Complaint and Counterclaim). In short, BBI is not a required party with respect to O'Neill's petition for declaratory relief, which is the only relevant inquiry. BBI's citizenship is therefore a moot issue.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Combined Motion to Realign the Parties and Motion to Remand (Rec. Doc. 11)** is **DENIED**.

June 22, 2015

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE