UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NEILL CORPORATION                                CIVIL ACTION

VERSUS                                           NO: 15-964

TSP CONSULTING, LLC, ET AL.                      SECTION: "A" (3)

### ORDER

The following motions are before the Court: **Motion to Dismiss Third Party Complaint (Rec. Doc. 55)** filed by Edwin H. Neill; **Motion to Dismiss (Rec. Doc. 77)** filed by TSP Consulting, LLC ("TSPC") and Thomas C. Petrillo ("Petrillo"); **Motion to Dismiss or Alternatively for a More Definite Statement (Rec. Doc. 88)** filed by TSPC and Petrillo; **Motion to Dismiss or in the Alternative for More Definite Statement (Rec. Doc. 92)** filed by TSP Institute, Inc. ("TSPI"). All motions are opposed. The motions are before the Court on the briefs without oral argument.[1]

### I.     Background

Neill Corp. has been an Aveda product distributor since 1979. Petrillo is a former Aveda executive who now distributes Aveda products in Florida. Neil Corp. and its principals, Debra Neill Baker and Edwin Neill, have had a business relationship with

---

[1] TSPC and Petrillo have requested oral argument but the Court is not persuaded that argument would be beneficial in light of the excessive amount of briefing that the parties have filed in this case. The parties have made requests for leave to exceed the page limits imposed by the Local Rules a common occurrence in this case, not only with the prior motion to remand but also with the instant motions. Counsel for the parties are forewarned that the Court is not inclined to grant such leave in the future.

Petrillo for many years. When Neil Corp.'s founder passed away in 2004, Petrillo was already an outside director of Neill Corp.

A crucial aspect of Neil Corp.'s business is its Distributorship Agreement with the Aveda company. The current agreement was a ten year agreement and it is in effect through June 30, 2019. It is the Court's understanding that Neill and TSP, a company owned by Petrillo, together have the Distributorship Agreement with Aveda; TSP has a minority interest. Petrillo has his own distributorship agreement with Aveda covering parts of Florida.

The parties do not dispute that in 2010 Neill Corp. and its affiliate companies fell upon hard times and sought business help from Petrillo. Petrillo's expertise lies in helping others in the beauty industry to become more successful. (Rec. Doc. 2, TSPC Answer, Counterclaim, and Third-party Demand ¶ 36). Petrillo formed TSPC as a consulting company to market his expertise in the beauty industry. Neill Corp. and its affiliates, Beauty Basics, Inc., Vital Information Systems, Inc., and Neill Technologies entered into a Consulting Agreement (Rec. Doc. 1-1 Exhibit A) with TSPC so that the Neill Companies could benefit from the expertise and services of Petrillo, the principal of TSPC. According to the Neill parties, one of the goals of this arrangement was to advance Neill Corp.'s relationship with Aveda. (Rec. Doc. 68, Amend. Comp. ¶ 9). The Consulting Agreement shifted daily operational control of the Neill entities to Petrillo. (*Id.* ¶ 10). Having Petrillo protect and ultimately extend the agreement with Aveda was of critical importance to the Neill companies in contracting for Petrillo's services. The Neill companies here in Louisiana and Petrillo's companies in Florida also entered into

various symbiotic and advantageous relationships that involved sharing resources, including employees.

Neill Corp. initiated this litigation in state court against defendant TSPC. The petition was one for declaratory relief only. Neill Corp. alleged that Petrillo, as TSPC's sole member/employee, had violated the terms of the Consulting Agreement by engaging in certain self-dealing conduct, in essence trying to usurp control of Neill's Distributorship Agreement with Aveda. (Rec. Doc. 1-2, Petition ¶ 7). Neill Corp. sought a judicial determination that Petrillo's actions constituted "Material Actions" under the Consulting Agreement that were not subject to cure, thereby triggering cancellation provisions in the Consulting Agreement that favored the Neill entities. According to TSPC, Neill Corp. was trying to manufacture cause in order to prematurely terminate the Consulting Agreement without financial penalties. (Rec. Doc. 2, TSPC Answer, Counterclaim, and Third-party Demand ¶¶ 56-57).

TSPC removed the action to this Court on the basis of diversity jurisdiction. The Court denied Neill Corp.'s motion to remand on June 22, 2015 (Rec. Doc. 34).

## II.    Discussion

What started as a simple and straightforward case in state court is now a morass of counter-claims and third-party demands which evince the parties' desire to harass each other in any way possible including via this litigation.[2]  Beauty Basics, Inc., Vital

---

[2] On July 2, 2015, the Court granted the parties' joint motion to stay the litigation and close it so that the parties could engage in settlement negotiations. (Rec. Docs. 38 & 39). The Court was encouraged by the reasonableness of this course of action because this case is one that should settle for business reasons.

Information Systems, Inc., Neill Technologies, Edwin H. Neill, III, Thomas C. Petrillo, and TSP Institute, Inc. have all been joined as additional parties in this case. In response to the plethora of allegations and claims that have been made, the parties now call upon the Court to test the legal validity of each claim that every other party in the case is asserting against them. The Court has reviewed all of the parties' arguments and will address only those suited to disposition via a Rule 12(b) motion.

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

### *Motion to Dismiss (Rec. Doc. 55) filed by Edwin Neill*

TSPC filed a third-party demand against Edwin Neill personally for declaratory judgment and breach of contract. (Rec. Doc. 2). Neill contends that he was not a party to the Consulting Agreement and therefore is not amenable to suit. Neill admits that he signed a Side Letter but he contends that the Side Letter absolves him of any personal liability in this matter. TSPC responds that its claims are not based on the Consulting Agreement itself but on the Side Letter, which does not absolve Neill of personal liability.[3]

The motion is GRANTED as to any claims brought under the Consulting Agreement itself and DENIED as to any claims brought under the Side Letter that Neill signed *in what appears to be* his personal capacity.

### *Motion to Dismiss (Rec. Doc. 77) filed by TSPC and Thomas C. Petrillo*
### *Motion to Dismiss (Rec. Doc. 88) filed by TSPC and Thomas C. Petrillo[4]*

The motion is DENIED insofar as TSPC and Petrillo move to dismiss the request

---

[3] To the Court's dismay, no party thought to attach a copy of the Side Letter to the motion, opposition, or reply, instead directing the Court's attention to the in globo Exhibit E appended to Attachment 1 of the Notice of Removal. Attachment 1 to the Notice is 115 pages. Exhibit E spans pages 96-115 of the attachment and actually contains several letters. The Court assumes that the letter at issue is the one located at pages 100-103 of Attachment 1.

[4] Motion to dismiss 88 adopts the legal arguments presented in motion to dismiss 77 but

for declaratory relief, and the claims for breach of contract and repudiation.

The motion is GRANTED as to any claims for breach of a fiduciary duty owed by TSPC. All contracts must be performed in good faith, and the conduct of all parties to the contract is governed by the standard of good faith. *Terrebonne Concrete, LLC v. CEC Enters., LLC*, 76 So. 3d 502, 509 (La. App. 1st Cir. 2011) (citing La. Civ. Code arts. 1759, 1983). This principle alone, however, does not serve to elevate a contractual relationship to a fiduciary relationship between the parties. *Id.*

The motion is DENIED as to any claims for breach of a fiduciary duty owed by Petrillo individually. Corporate officers and directors owe a fiduciary duty to their corporation and its shareholders. *Id.* (citing La. R.S. §§ 12:91(A), 12:226(A)). The defining characteristic of a fiduciary relationship is the special relationship of confidence or trust imposed by one in another who undertakes to act primarily for the benefit of the principal in a particular endeavor. *Id.* A fiduciary cannot further his own interests and enjoy the fruits of an advantage taken of such a relationship and must make a full disclosure of all material facts surrounding the transaction that might affect the decision of his principal. *Id.* (citing *Plaquemines Parish Comm'n Council v. Delta Dev. Co., Inc.*, 502 So. 2d 1034, 1040 (La. 1987)).

The motion is DENIED as to the claim for tortious interference with contract.

The motion is DENIED as to Count 7 of Beauty Basics, Inc.'s ("BBI") claim for conversion against Petrillo personally.

---

applies them to the claims asserted by BBI. Motion to dismiss 88 additionally challenges Count 7 if BBI's pleading. The motions will be referred to collectively in the singular.

*Motion to Dismiss (Rec. Doc. 92) filed by TSPI*

The motion is DENIED as to Count 8 regarding the employee lease agreement between BBI and TSPI because the Court is not persuaded that the claim is governed by ERISA. The Court is likewise not persuaded that the allegations are impermissibly vague.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Third Party Complaint (Rec. Doc. 55)** filed by Edwin H. Neill is **GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Rec. Doc. 77)** filed by TSP Consulting, LLC ("TSPC") and Thomas C. Petrillo ("Petrillo") is **GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss or Alternatively for a More Definite Statement (Rec. Doc. 88)** filed by TSPC and Petrillo is **GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss or in the Alternative for More Definite Statement (Rec. Doc. 92)** filed by TSP Institute, Inc. ("TSPI") is **DENIED**.

April 18, 2016

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE